IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

FREYTES CABAN-CASILLAS, *et al.*,

    **Plaintiffs,**

          v.                                CIVIL NO. 15-1651 (JAG)

JUAN RIVERA-RIVERA, *et al.*,

    **Defendants.**

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

    This matter is before the Court on Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss Defendant Juan Rivera-Rivera's ("Rivera") cross-claim under Fed. R. Civ. P. 12(b)(1), Docket No. 22; the FDIC's Motion to Dismiss Plaintiffs' claim under Fed. R. Civ. P. 12(b)(1), Docket No. 26; Plaintiffs Freytes Caban-Casillas's and Katiria Schmidt-Rosado's (collectively "Plaintiffs") Opposition, Docket No. 32; the FDIC's Reply to Plaintiffs' Opposition, Docket No. 35; and Plaintiffs' and the FDIC's additional briefing, Docket Nos. 43, 44.

    The issue before the Court is whether Plaintiffs' claim and Rivera's cross-claim should be dismissed for failure to comply with the administrative claims procedure required by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). The Court holds that, because Rivera failed to submit proof of his claim by the claims bar date, and Plaintiffs did not timely continue their action within the time period provided by FIRREA, both Rivera and Plaintiffs failed to exhaust the administrative claims procedure required by FIRREA. Accordingly, the FDIC's Motion to Dismiss Rivera's cross-claim is GRANTED, and the FDIC's Motion to Dismiss Plaintiffs' claim is GRANTED.

CIVIL NO. 15-1651 (JAG)                                                    2

## BACKGROUND

On April 18, 2011, Plaintiffs filed a complaint against various defendants, including Doral Bank ("Doral") and Rivera, in the Court of First Instance of Puerto Rico. Docket No. 32 at 2. Plaintiffs asserted that, as part of a property sale, Doral provided Plaintiffs with a plot plan that overlapped with neighboring properties, including Rivera's. Docket No. 26 at 2. Thus, Plaintiffs requested damages for not being able to use property that had been included in the plot plan. *Id.* On August 4, 2011, Rivera filed a cross-claim against Doral alleging that Doral was liable for the damage caused to Plaintiffs. Docket No. 22 at 1.

While the action was pending, Doral closed, and the FDIC was appointed as receiver on February 27, 2015. Docket No. 26 at 3. As a result, the FDIC published notices in two newspapers in March, April, and May 2015 that it was now the receiver and that claimants had until June 4, 2015 (the "claims bar date") to present proof of their claim. Docket No. 26-2. Additionally, in May 2015, the FDIC separately mailed Rivera and Plaintiffs a notice of receivership that included the claims bar date. Docket Nos. 22-1 at 21, 24-1 at 1. On May 26, 2015, the FDIC removed the instant action to federal court under 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1). Docket No. 1 at 2.

Plaintiffs timely filed proof of their claim on June 3, 2015, Docket No. 24-1 at 9, but Rivera failed to file proof of his claim, even after the FDIC extended Rivera's claims bar date to August 12, 2015, Docket No. 22 at 4. On December 4, 2015, the FDIC disallowed Plaintiffs' claim. Docket No. 24-1 at 12-14. Plaintiffs assert that they did not know their claim had been disallowed until they received actual notice of the disallowance on January 7, 2016. Docket No. 44 at 3. As a result, Plaintiffs filed a Motion for Extension of Time on February 3, 2016. Docket No. 24.

CIVIL NO. 15-1651 (JAG)                                                                        3

On January 26, 2016, the FDIC filed a Motion to Dismiss Rivera's cross-claim, alleging that Rivera never filed proof of his claim. Docket No. 22. Rivera has not opposed the FDIC's Motion to Dismiss his cross-claim. On February 19, 2016, the FDIC filed a Motion to Dismiss Plaintiffs' claim, alleging that Plaintiffs failed to continue their action within 60 days after the FDIC disallowed their claim on December 4, 2015. Docket No. 26. On April 21, 2016, Plaintiffs filed an Opposition, contending that their Motion for Extension of Time was timely because either (a) the 60-day period never commenced because the FDIC failed to comply with the mailing requirement set out in 12 U.S.C. § 1821(d)(5)(A)(iii), or (b) the 60-day period was tolled because Plaintiffs did not receive actual notice of the disallowance until January 7, 2016. Docket No. 32.

However, neither Plaintiffs nor the FDIC adequately briefed whether Plaintiffs' Motion for Extension of Time had been filed past the 240-day limitation period set out in § 1821(d)(6)(A)(ii). Thus, on June 21, 2017, the Court ordered Plaintiffs and the FDIC to file additional simultaneous briefing on the following two issues: (1) whether the 240-day period had lapsed by the time Plaintiffs continued their action on February 3, 2016, and (2) whether the 180-day period had been extended through a written agreement between Plaintiffs and the FDIC under § 1821(d)(5)(A)(ii). Docket No. 42. Plaintiffs and the FDIC timely submitted additional briefing on these issues. Docket Nos. 43, 44.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action against it for lack of federal subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *FDIC v. Caban-Muniz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence. *See Murphy v. United*

CIVIL NO. 15-1651 (JAG)                                                                                          4

*States*, 45 F.3d 520, 522 (1st Cir. 1995). In assessing a motion to dismiss for lack of subject-matter

jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts

as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140

F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1, 1 (1st Cir. 1987)); *see*

*Calderon-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013). Additionally, a court may review

any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing

upon the existence of jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Aversa v. United*

*States*, 99 F.3d 1200, 1210 (1st Cir. 1996).

"Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction

before addressing the merits of a case." *Acosta-Ramirez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir.

2013). If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action. Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject-matter

jurisdiction under Rule 12(b)(1) when the Court lacks the statutory or constitutional power to

adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996);

*Prestige Capital Corp. v. Pipeliners of P.R., Inc.*, 849 F.Supp.2d 240, 247 (D.P.R. 2012).

## ANALYSIS

The Court begins with an overview of FIRREA and the administrative claims procedure

it establishes. Then, the Court concludes that Rivera failed to exhaust the administrative claims

procedure required by FIRREA because he did not file proof of his claim by the extended claims

bar date. Finally, the Court holds that Plaintiffs also failed to exhaust the administrative claims

procedure required by FIRREA because their Motion for Extension of Time was untimely.

CIVIL NO. 15-1651 (JAG)                                                                                    5

## I.    Financial Institutions Reform, Recovery, and Enforcement Act of 1989

FIRREA establishes the FDIC as the agency that would best handle failed banks as conservator or receiver, which will succeed to "all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). The FDIC also assumes the liabilities of the failed institution. *Id.* § 1823(c)(2)(A)(i). The idea behind this framework was "to facilitate takeovers of insolvent financial institutions and smooth the modalities by which rehabilitation might be accomplished." *Acosta-Ramirez*, 712 F.3d at 18 (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992)).

Because Congress wanted the FDIC to handle failed depository institutions in an expeditious manner, FIRREA created a statutory claims process to handle all claims against failed banks. *See Acosta-Ramirez*, 712 F.3d at 19. After the appropriate governmental entity appoints the FDIC as receiver, it must publish a notice to the depository institution's claimants of their obligation to present proof of their claims by the claims bar date.[1] 12 U.S.C. § 1821(d)(3)(B). If the claimant fails to file the claim before the claims bar date, the claim is barred. *See* 12 U.S.C. § 1821(d)(5)(C).

After a claim is filed, the FDIC has 180 days to allow or disallow the claim. *Simon v. F.D.I.C.*, 48 F.3d 53, 56 (1st Cir. 1995) (citing 12 U.S.C. § 1821(d)(5)(A)(i)). If the claim is disallowed, the claimant must take any affirmative action in furtherance of his or her claim in court, such as by filing a motion to renew or reactivate his or her case. *See Reyes v. FDIC*, 2011 WL 2604762, at *3

---

[1] The governmental entity that appoints the FDIC as receiver of failed financial institutions in Puerto Rico is the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico. *See* P.R. Laws Ann. tit. 7, § 2001.

CIVIL NO. 15-1651 (JAG)                                                                                6

(D.P.R. 2011); *Lewis v. FDIC*, 2010 WL 1529479, *2 (D.P.R. 2010). The claimant must take action within the earlier of (a) 60 days after the FDIC disallows the claim within the 180-day determination period allowed to the FDIC, or (b) 60 days after the expiration of the 180-day period. *See* 12 U.S.C. § 1821(d)(5)(A). The statute further provides that if the claimant fails to affirmatively act within 60 days of the earlier date, whichever it may be, the disallowance is "final, and the claimant shall have no further rights or remedies with respect to such claim." *Id.* § 1821(d)(6)(B). The 180-day period can be extended by written agreement between the claimant and the FDIC. *See* 12 U.S.C. § 1821(d)(5)(A)(ii).

## II.    Rivera's Failure to File Proof of His Claim

Because Rivera did not file proof of his claim before the claims bar date, Rivera failed to exhaust the administrative claims procedure required by FIRREA. Participation in "the administrative claims review process [is] mandatory for all parties asserting claims against failed institutions . . . . " *Marquis*, 965 F.2d at 1151; *see also Miguelachuli v. FDIC*, 799 F. Supp. 2d 141, 150 (D.P.R. 2011) ("[A]nyone with a claim against . . . the failed institution must submit an administrative claim to the FDIC within the prescribed statutory period.") (citing *Heno v. FDIC*, 20 F.3d 1204, 1207 (1st Cir. 1994)) (internal quotation marks omitted). Accordingly, if a claimant fails to file proof of his or her claim before the claims bar date, the claim is disallowed permanently. *See* 12 U.S.C. § 1821(d)(5)(C).

In this case, the FDIC complied with its statutory obligation under § 1821(d)(3)(B) by publishing several notices of receivership identifying the claims bar date as June 4, 2015. Docket No. 26-2. Furthermore, the FDIC mailed Rivera a notice similar to the published notice extending Rivera's claims bar date to August 12, 2015, Docket No. 22-1 at 23. *See* 12 U.S.C. § 1821(d)(3)(C).

CIVIL NO. 15-1651 (JAG)                                                          7

This letter explained that if Rivera failed to file his claim by the extended claims bar date, the FDIC would disallow the claim. *Id.* at 24. Despite this, Rivera never submitted proof of his claim. Docket No. 22 at 2. Accordingly, Rivera failed to exhaust the administrative claims procedure required by FIRREA, and his claim is barred.[2]

### III.    Timeliness of Plaintiffs' Motion for Extension of Time

Plaintiffs' Motion for Extension of Time was not timely because they failed to act within 240 days of filing proof of their claim. The *earlier* date between (a) any disallowance within the 180-day period or (b) the end of the 180-day period following a proof of claim triggers the subsequent 60-day period, meaning the second date never comes into play. *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 192 (7th Cir. 1993); *Maldonado-Torres v. FDIC*, 839 F. Supp. 2d 511, 516 (D.P.R. 2012). In effect, claimants have up to 240 days to affirmatively act after they file proof of their claim. *See FDIC v. Estrada-Colon*, 848 F. Supp. 2d 206, 213 (D.P.R. 2012) (finding lack of subject-matter jurisdiction where defendants failed to affirmatively act within 60 days to "continue" their claim by, for example, filing a motion to continue); *Mansolillo v. FDIC*, 804 F. Supp. 426, 431 (D.R.I. 1992) ("[E]ven if [the] suit was filed within 60 days of the Notice of Disallowance, it is nonetheless barred because it was not filed within 240 days of the filing of the Proof of Claim.").

In this case, Plaintiffs filed timely proof of their claim on June 3, 2015, triggering the 180-day period the FDIC had to allow or disallow their claim. Docket No. 24-1 at 9. However, the FDIC failed to issue any notice of disallowance within the 180-day limit, Docket No. 43 at 4, which

---

[2] On June 30, 2016, Rivera filed a pending Motion to Appoint Counsel. Docket No. 39. However, since the Court finds that Rivera's claim is barred because he failed to submit proof of his claim, the Court finds that appointing counsel would be futile.

CIVIL NO. 15-1651 (JAG)                                                        8

lapsed on November 30, 2015. Instead, the FDIC issued a notice of disallowance four days later, on December 4, 2015. Docket No. 24-1 at 12. Because the 180-day limit was earlier than the FDIC's notice of disallowance, the notice of disallowance had no effect on the timeline. Furthermore, the 180-day period ended on November 30, 2015, triggering the 60-day period. Accordingly, Plaintiffs had until January 29, 2016 to take some affirmative action to continue their case. *See Reyes*, 2011 WL 2604762, at *3 ("To 'continue' an action requires some affirmative act by the claimant."). However, Plaintiffs did not take any action until February 3, 2016, when they filed their Motion for Extension of Time. Docket No. 24. Thus, Plaintiffs filed their Motion for Extension of Time five days too late.

In the Motion to Dismiss, the Opposition, and the Reply, Plaintiffs and the FDIC focus on the notice of disallowance dated December 4, 2015 to argue whether Plaintiffs' Motion for Extension of Time was timely. Docket Nos. 26, 32, 35. The parties argue (1) whether the FDIC complied with the mailing requirement established by § 1821(d)(5)(A)(iii), or (2) whether the 60-day period commenced on January 7, 2016, the date Plaintiffs' allege they received actual notice of the disallowance. *Id.* However, the Court need not decide these issues. In the additional briefing ordered by the Court, Plaintiffs concede they did not act until 245 days after they filed proof of their claim and that the 180-day period was not extended through a written agreement between Plaintiffs and the FDIC. Docket No. 44 at 4. Since Plaintiffs failed to affirmatively act within 60 days after the 180-day period required by FIRREA, Plaintiffs failed to exhaust the administrative claims procedure, and their claim is barred.[3]

---

[3] Plaintiffs assert that the FDIC's Motion to Dismiss, which was filed on February 19, 2016, should be stricken from the record because Plaintiffs were not notified to their known address "as required when litigating with pro se Plaintiffs." Docket No. 44 at 2. However, it is evident that Plaintiffs received notice of the FDIC's motion, as they filed

CIVIL NO. 15-1651 (JAG)                                                    9

## CONCLUSION

For the foregoing reasons, the FDIC's Motion to Dismiss Rivera's cross-claim is GRANTED, and the FDIC's Motion to Dismiss Plaintiffs' claim is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, July 14, 2017.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge

_____

a Motion for Extension of Time within the March 7, 2016 deadline set by the Court, Docket No. 27. In addition, striking the FDIC's motion would simply delay the inevitable, as the FDIC could then renew its motion.